NOS.
12-09-00304-CR

     
12-09-00305-CR

     
12-09-00306-CR

      

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

DEMARIA
TRAVAR WOODS,                        §                 APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                         

MEMORANDUM OPINION

PER CURIAM

DeMaria
Travar Woods appeals his convictions for engaging in organized criminal
activity, aggravated robbery, and evading arrest or detention.  Appellant=s counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.
Ed. 2d 493 (1967) and Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969).  Appellant also filed a brief pro
se.  We dismiss Appellant=s appeal.

 

Background

Appellant
was charged by indictment with the offense of engaging in organized criminal
activity, a first degree felony.[1] The indictment further alleged
that Appellant committed the offense as a member of a criminal street gang. 
Appellant was also charged by indictment with the offense of aggravated
robbery, a first degree felony.[2]
 The
indictments for engaging in organized criminal activity and aggravated robbery
alleged that Appellant used or exhibited deadly weapons—a firearm and a
crowbar—during the commission of or immediate flight from the offense.[3] Finally, Appellant was charged
by indictment with the offense of evading arrest or detention, a state jail
felony.[4]

Appellant
entered an “open” plea of guilty to the offenses charged in the indictments,
pleaded “true” to the deadly weapon allegations, and pleaded “true” to the
allegation that he committed the offense of engaging in organized criminal
activity as a member of a criminal street gang.  In each case, Appellant and
his counsel signed an agreed punishment recommendation, an acknowledgment of
admonishments, a waiver of jury trial, an agreement to stipulate testimony, and
a stipulation of evidence in which Appellant swore that all allegations pleaded
in the indictment were true and correct.  He also judicially confessed to
the offenses alleged in the indictments.  However, Appellant did not waive
his right to appeal.

After
a punishment hearing, the trial court adjudged Appellant guilty of engaging in
organized criminal activity, made an affirmative deadly weapon finding, made a
finding that Appellant committed the offense as a member of a criminal street
gang, and assessed his punishment at twenty years of imprisonment and court
costs.[5]  The
trial court also adjudged Appellant guilty of aggravated robbery, made an
affirmative deadly weapon finding, and assessed his punishment at twenty years
of imprisonment and court costs.  Finally, the trial court adjudged
Appellant guilty of evading arrest and assessed his punishment at two years of
confinement and court costs.[6]  This appeal followed. 

 

Analysis
pursuant to Anders v. California

Appellant=s counsel filed a brief in compliance with Anders
and Gainous, stating that he has diligently reviewed the
appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated.  From our review of Appellant=s brief, it is apparent that his counsel is well
acquainted with the facts in these cases.
 In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978), counsel=s brief presents a chronological
summation of the procedural history of the cases, and further states that
counsel is unable to raise any arguable issues for appeal. 

In
Appellant=s pro se brief, he argues that he
should have been indicted for the lesser included offense of robbery because he
did not use or exhibit a deadly weapon during the commission of the offense.  We have reviewed the record for reversible error
and have found none.  See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.
Crim. App. 2005).

 

Conclusion

As
required, Appellant=s counsel has moved for leave to
withdraw.  See In re Schulman, 252 S.W.3d 403, 407 (Tex. Crim.
App. 2008) (orig. proceeding); Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991).
 We agree with
Appellant=s counsel that the appeal is wholly
frivolous and his motion for leave to withdraw is hereby granted. 
See In re Schulman, 252 S.W.3d at 408-09.

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review.
 See Tex. R. App. P. 48.4; In re
Schulman, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek
further review of these cases by the Texas Court of Criminal Appeals, he must
either retain an attorney to file a petition for discretionary review or he
must file a pro se petition for discretionary review.  See In re Schulman, 252 S.W.3d at 408 n.22.  Any
petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this court.  See Tex. R.
App. P. 68.2.  Any
petition for discretionary review must be filed with this court, after which it
will be forwarded to the Texas Court of Criminal Appeals along with the rest of
the filings in these cases.  See Tex.
R. App. P. 68.3; In re Schulman, 252 S.W.3d at 408 n.22. 
Any petition for discretionary review should comply with the requirements of
Rule 68.4 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4; In re
Schulman, 252 S.W.3d at 408 n.22.

We
dismiss Appellant=s appeal.

Opinion
delivered February 28, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] See Tex. Penal Code Ann. § 71.02(a)(1), (b)
(Vernon Supp. 2010).





[2] See Tex. Penal Code Ann. § 29.03(a)(2), (b)
(Vernon 2003).





[3] Initially, the
indictments against Appellant for engaging in organized criminal activity and
aggravated robbery also included a felony enhancement paragraph.  However, the
State abandoned the enhancement paragraph in each case at Appellant’s
punishment hearing.





[4] See Tex. Penal Code Ann. § 38.04(a),
(b)(1)(B) (Vernon Supp. 2010).





[5] An individual
adjudged guilty of a first degree felony shall be punished by imprisonment for
life or for any term of not more than ninety-nine years or less than five years
and, in addition, a fine not to exceed $10,000.  See Tex. Penal Code Ann. § 12.32 (Vernon Supp. 2010).





[6] An individual
adjudged guilty of a state jail felony shall be punished by confinement in a
state jail for any term of not more than two years or less than 180 days and,
in addition, a fine not to exceed $10,000.  See Tex. Penal Code Ann. § 12.35(a), (b) (Vernon Supp. 2010).